United States District Court
Southern District of Texas

**ENTERED**

December 07, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRE PROTECTION SERVICE, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-2162 |
| | § | |
| SURVITEC SURVIVAL PRODUCTS, | § | |
| INC. d/b/a SURVITEC GROUP, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Second Motion for Partial Summary

Judgment ("Motion") [Doc. # 32] filed by Defendant Survitec Survival Products, Inc.

("Survitec"), to which Plaintiff Fire Protection Service, Inc. ("FPS") filed a Response

[Doc. # 36].  Survitec did not file a Reply, but filed two Supplements [Docs. # 37 and

# 38] with additional exhibits.  Having reviewed the record and the governing legal

authorities, the Court *denies* the Motion without prejudice.

The deadline for motions in this case was July 7, 2020.  *See* Docket Control

Order [Doc. # 13], entered November 12, 2019.  On June 8, 2020, prior to the motions

deadline, Defendant filed a Motion for Partial Summary Judgment [Doc. # 23], which

the Court denied by Memorandum and Order [Doc. # 26] entered July 10, 2020.  The

current Motion was not filed until November 2, 2020, the date on which the parties'

Joint Pretrial Order was due and only sixteen (16) days before the case was scheduled

for docket call on November 18, 2020.

After a scheduling order has been entered, it "may be modified only for good

cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4); *Batiste v. Lewis*, 976

F.3d 493, 500 (5th Cir. 2020).  "Rule 16(b) of the Federal Rules of Civil Procedure

gives district courts broad discretion in enforcing the deadlines in their scheduling

orders."  *Batiste*, 976 F.3d at 500.  To determine whether the moving party has

established good cause for an untimely motion, the Court considers the following four

factors:

(1)     the explanation for the failure to timely comply with the deadline;

(2)     the importance of the untimely motion;

(3)     potential prejudice in allowing the untimely motion; and

(4)     the availability of a continuance to cure such prejudice.

*See id.* (citing *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th

Cir. 2010)).

Defendant has not demonstrated good faith as required by Rule 16(b).  Indeed,

Defendant does not address any of the four good-faith factors, and does not otherwise

articulate or present evidence of a good faith basis for the Court to extend the motions

deadline to permit the untimely Motion.  Defendant offers no explanation for not

filing the current Motion by the July 7, 2020 deadline, and none is apparent from the record. The Motion raises a legal argument that is not based on new legal authorities, and relies on factual assertions that are not based on newly-discovered evidence. As a result, it is hereby

**ORDERED** that the Second Motion for Partial Summary Judgment [Doc. # 32] is **DENIED** as untimely. The denial is without prejudice to Defendant raising the issue at trial, if Defendant's arguments are supported by evidence admitted at trial and otherwise appropriate. It is further

**ORDERED** that the case remains scheduled for docket call **at noon on December 17, 2020**.

SIGNED at Houston, Texas, this **7th** day of **December, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE