United States District Court
Southern District of Texas
**ENTERED**
March 25, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FIRE PROTECTION INC. § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 4:19-cv-2162 |
| § | |
| SERVITEC SURVIVAL PRODUCTS, § | |
| INC., d/b/a SURVITEC GROUP, § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Fire Protection Service, Inc.'s Objections [Docs. # 77, # 81] to Defendant Servitec Survival Products, Inc.'s three versions of bills of costs [Docs. # 73 (filed February 24, 2021), # 75 (filed February 25, 2021), and # 78 (filed March 9, 2021)] filed after Defendant prevailed in a bench trial in this case. Defendant "replied" to Plaintiff's objections [Doc. # 80]. The Court has considered the parties' contentions, the entire record, and applicable law. The Court grants Plaintiff's objections.

### I.   BACKGROUND

Trial of this case began on February 3, 2021. Plaintiff presented its evidence in support of its claims, all of which are for violations of the Texas Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act. TEX. BUS. & COMM. CODE, 57.001 *et seq.* (the "Act"). After Plaintiff rested, Defendant

asserted a Motion for Partial Judgment pursuant to Federal Rule of Civil Procedure 52(c) [Doc. # 62] ("Rule 52(c) Motion"). Plaintiff responded in writing on February 4th. The Court heard oral argument that day and recessed the trial to consider the legal questions in light of Plaintiff's proof.

On February 12, 2021, the Court issued an opinion in favor of Defendant and entered final judgment. The Court concluded that Plaintiff's claim required the retroactive application of the Act to an oral agreement between Plaintiff and Defendant that the parties had entered into and had been in effect for many years before 2011, year the Act became effective. The Court concluded that application of the Act to the parties' oral agreement violated article I, § 16 of the Texas Constitution and that the Act accordingly cannot be enforced against Defendant.

Defendant timely filed a bill of costs on February 24, 2021 [Doc. # 73] originally seeking expenses totaling $10,903.10. The next day Defendant amended version the bill of costs to correct a minor arithmetic error. On March 9, 2021, Defendant filed a "2d Corrected Bill of Costs" (the "third bill of costs") totaling $12,433.94. In the third bill of costs, Defendant seeks, for the first time, recovery of an additional $1,532.84, attributable to a deposition taken on January 29, 2021.[1]

---

[1] The deposition was taken in connection with Defendant's amended affirmative defenses asserted shortly before the original trial date. The Court postponed the trial several weeks and allowed the parties to engage in limited additional discovery.

2

The parties dispute two aspects of the expenses Defendant seeks.  The Court concludes these expenses are not recoverable.

## II.     LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  By statute, federal courts may award only those costs itemized in 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010); *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).  A court may tax only the following costs: fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.  *See* 28 U.S.C. § 1920; *Mota*, 261 F.3d at 530.

The Court is to give "careful scrutiny" to the items proposed by the prevailing party.  *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995); *Serling v. Am. Airlines, Inc.*, 237 F. App'x 972, 976 (5th Cir. Aug. 3, 2007).  The Court has authority to consider the necessity and reasonableness of the costs

requested.  *See, e.g., Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257-58 (5th Cir. 1997) (rejecting costs application for plaintiffs' witnesses depositions; depositions were surplusage and not reasonably necessary under the circumstances); *Ernst v. Sunbelt Rentals, Inc.*, 122 F. Appx. 722, 723 (5th Cir. 2004).

Bills of costs must be filed promptly.  Southern District of Texas Local Rule 54.2 provides: "An application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment."

### III.  DISCUSSION

Plaintiff, first, objects to the payment of the $1,532.84 for January deposition fees because Defendant did not claim the sum until after expiration of the 14-day deadline established by Local Rule 54.2 for filing a bill of costs.  Defendant responds that it has requested the sum timely because it paid the invoice on March 8, one day before filing the third bill of costs.  The Court is unpersuaded.  The third bill of costs added the $1,532.84 as a new expense for the January deposition costs.  Defendant could have included this charge in its earlier bills of costs filed within the 14-day time-period, but failed to do so.[2]  Defendant's request for reimbursement of this new expense has been sought too late and it will not be awarded.

---

[2] It is noted that the questioned bill reveals that the transcription service invoiced Defendant on February 2, 2021, for the expenses associated with the January deposition. Defendant did not pay that invoice for more than a month. Defendant provides no explanation for this delay.

Plaintiff also objects to Defendant's inclusion in its bills of costs of a $4,000 payment to Plaintiff that Defendant made voluntarily to encourage the Court to agree to Defendant's motion to amend its affirmative defenses shortly before the original trial date. *See* Defendant's Motion to Amend [Doc. # 41]. The $4,000 is not recoverable as a taxable cost. The payment was made to partially defray travel expenses incurred by Plaintiff's expert who already had travelled to Houston for trial. Travel expenses for the opponent's expert do not fall within 28 U.S.C. § 1920.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's objections to Defendant's bills of cost are **GRANTED**. Defendant is awarded $6,901.10 as taxable costs of this litigation.

It is so **ORDERED**.

SIGNED at Houston, Texas, this 25th day of **March, 2021**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE