IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRE PROTECTION SERVICE, INC., § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> SURVITEC SURVIVAL § <br> PRODUCTS, INC., § <br> Defendant § | | CIVIL ACTION NO. 4:19-cv-02162 |

**Defendant SSP's Response to Court's Post-Appeal Questions**

Defendant Survitec Survival Products, Inc. ("SSP") responds to the Court's August 26, 2025 order (Doc. 154) regarding the impact of the Fifth Circuit's recent decision in this matter.

<u>Relevant Factual and Procedural History</u>

By letters dated April 15, 2017 (effective December 27, 2017), SSP's parent terminated plaintiff Fire Protection Service ("FPS") as a dealer for Survitec brand rafts. Thereafter, for nearly two years, the parties haggled over the repurchasing of FPS's inventory of Survitec brand rafts and parts. SSP ultimately issued a return authorization form, although FPS failed to ever return any Survitec brand inventory. Even so, FPS filed suit against SSP in 2019, asserting for the first time that the Texas Dealer Act[1] applied to the parties' at-will dealer agreement (even though the Act requires return of inventory before any buyback obligation arises).

In 2021, the case went to trial. Judge Atlas dismissed FPS's case mid-trial, ruling the Act was unconstitutionally retroactive. That ruling was reversed on appeal. On remand, this Court dismissed FPS's claim because marine liferafts are not "Equipment" under the Dealer Act. The Fifth Circuit has reversed that determination and will be issuing its mandate shortly.

---

[1] TEX. BUS. & COM. CODE ch. 57.

1

Here are SSP's answers to this Court's related questions:

**Question 1: Whether the Fifth Circuit's decision in the dealer protection case impacts the issues the parties tried in the trademark-infringement case.**

The Fifth Circuit's decision in the Dealer Act case does not impact any issue the parties tried in the trademark infringement case:

Notably, the Dealer Act case solely concerns the relationship between FPS and SSP prior to 2018, and the Fifth Circuit's decision concerned only one question: whether marine liferafts are "Equipment" under the Dealer Act as a matter of Texas state law. By contrast, the trademark case (filed in 2021) is distinct on multiple bases:

Factually, the trademark case solely concerns FPS's actions and omissions from 2018 onward. Procedurally, it involves six parties who are not parties in the Dealer Act case (*i.e.*, SSP's parent and subsidiaries of its parent). And legally, the trademark case involves no issues concerning the Texas Dealer Act.

To be clear, in the recent trademark bench trial, FPS raised the idea that because it still possessed unsold expired inventory, it never lost its trademark licenses as to those products. FPS's argument is meritless. Like any independent dealer, FPS had the ability to sell branded products in its inventory post-termination under the first-sale doctrine,[2] not because it retained any trademark licenses, let alone for raft servicing. To reiterate, FPS lost all trademark licenses when it was terminated in 2017 (effective December 27, 2017), and that has never changed. By way of example, when FPS sued SSP in the Dealer Act case in 2019, FPS did ***not*** seek to "undo" that termination, nor did FPS seek reinstatement of its prior status at any time. Doc. 1. By way of example, FPS did not seek reinstatement as a dealer (*e.g.*, by pleading for or

---

[2] Indeed, in the trademark case, FPS briefed the first-sale doctrine extensively in its Rule 12 and Rule 56 motions.

otherwise requesting an injunction), nor did FPS make any claim that, post-termination, it could somehow keep using any Survitec brand trademarks. Again, all such licenses were terminated two years prior, and FPS's status change prevented it from legally servicing any Survitec brand rafts after termination.

In late 2020, during discovery on FPS's Dealer Act claim, SSP and its parent discovered FPS's ongoing misuse of Survitec brand trademarks. Then, in January 2021 (just before the Dealer Act trial) Judge Atlas permitted SSP to add an affirmative "set off" defense based on FPS's trademark infringement. At that time, FPS did not amend (or seek leave to amend) its pleadings to seek any reinstatement of its dealer status or its pre-termination rights to use any Survitec brand trademarks. Nor has FPS sought any such amendment since then. Subsequently, SSP and its affiliates filed a separate trademark infringement case.

FPS's strategic choices have consequences. From the beginning of the Dealer Act litigation through the present, FPS elected to seek its lost profits from 2018 forward (based on its termination in 2017), not pursue any path of reinstatement. Having pursued a damages-only remedy for over seven years through two appeals, FPS cannot now pivot to claim it retained trademark rights post-termination.

Nor is FPS's choice surprising: the evidence FPS presented during its case in chief at the 2021 bench trial before Judge Atlas confirmed that, prior to termination, FPS's service and sales of Survitec brand rafts had been declining for several years, ultimately accounting for only approximately 10% of FPS's overall liferaft sales and service revenue (as compared with competing liferaft brands, which made up the remaining 90%). *See* Dealer Act Trial (Testimony of Scott Hampton on February 3, 2021, and FPS Exhibit 23 (specifically, FPS X 1-11 therein)); and Trademark Trial (Plaintiffs' Exhibits 46 and 130 (Hampton worksheet on raft service revenue)).

More generally speaking, it would be improper under all conceivably-relevant doctrines (*e.g.*, waiver, estoppel, laches, election of remedies) to let FPS raise a claim in 2025 that its pre-termination right to use Survitec brand trademarks somehow persisted past the termination that FPS accepted over seven years ago, an acceptance it legally confirmed in the present proceeding by solely seeking its alleged actual damages, including ongoing future lost profits, rather than any reinstatement of its status as a dealer or of any trademark licenses.

The Fifth Circuit's decision does not change any of this. Simply put, that decision has nothing to do with how FPS pleaded and litigated its Dealer Act claim since this lawsuit was filed. It held that liferafts are "Equipment" under the Dealer Act; it does not resurrect trademark licenses whose termination FPS accepted when it chose to seek only monetary damages rather than any reinstatement.

**Question 2:  What is the parties' preferred approach to resolving the dealer-protection case now that the court has jurisdiction over both disputes.**

As we understand it, the Fifth Circuit will be issuing its formal mandate very soon. At that point, we suggest that the parties be permitted to engage in limited discovery concerning FPS's claimed damages under the Dealer Act (which FPS has not updated since 2021) and any related issues (*e.g.*, any mitigation efforts by FPS). A period of four months should be sufficient.

After that, SSP suggests that the parties submit an agreed briefing schedule for any summary judgment motions and then proceed to trial if necessary. The prior trial was halted immediately after FPS's case in chief when the Court dismissed the case. Accordingly, FPS may request to reopen the evidence and present updated damages evidence.[3] SSP's defense

---

[3] SSP reserves the right to argue that FPS is bound by its prior "future lost profits" model and the evidence it already presented.

case would follow and then any rebuttal case by FPS.

For purposes of judicial economy (in both this Court and in the appellate court if there are any further appeals), we would suggest that the Court consider formally consolidating the Dealer Act case with the trademark case. This would allow the Court to consider SSP's trademark infringement claims in conjunction with any Dealer Act damages, providing a complete resolution of all disputes between the parties. In the trademark case, the evidence is closed.

If the Court follows the consolidated path, it could also order the parties to mediate the combined cases (either before or after the conclusion of the Dealer Act bench trial). Then, and only in the "worst case" scenario—*i.e.*, if the parties did not settle—this Court would just need to issue a single omnibus "Finding of Fact and Conclusions of Law" covering the consolidated proceedings, and a single final judgment (rather than two of each). This approach would streamline this Court's resolution of the matter (as well as any appellate proceedings), while also ensuring consistent rulings across the disputes.

                        Respectfully submitted,

By:    */s/ Peter A. McLauchlan*
          **Peter A. McLauchlan**
          Attorney-in-Charge
          Texas State Bar No. 13740900
          Federal Bar No. 6370
          Peter@McLawglobal.com
          THE MCLAUCHLAN LAW GROUP OF TEXAS, PLLC
          950 Echo Lane, Suite 200
          Houston, Texas 77024
          Telephone and Fax: (832) 966-7210

          **David C. McLauchlan**
          Of Counsel
          Federal Bar SD Texas No. 3628337
          Illinois State Bar No. 1855166
          David@McLauchlanLawGroup.com
          THE MCLAUCHLAN LAW GROUP LLC
          401 N. Michigan Avenue, Suite 1200
          Chicago, IL 60611

Telephone: 312-445-8544
Fax: 312-445-8540

**Jeremy Gaston**
Of Counsel
State Bar No. 24012685
Federal Bar No. 26469
jgaston@hcgllp.com
HAWASH CICACK & GASTON LLP
711 West Alabama Street, Suite 200
Houston, Texas 77006
Telephone and Fax: (713) 658-9007

*Attorneys for Defendant Survitec Survival Products, Inc.*

**Certificate of Service**

I hereby certify that on September 2, 2025, a true and correct copy of the above and foregoing document has been served electronically through the Court's ECF electronic filing system, pursuant to the rules of Court, on counsel of record for plaintiff as follows:

Scott Matney
8050 Harrisburg Blvd.
Houston, Texas 77012
smatney@fps-usa.com

Justen S. Barks
BARKS PLLC
5005 Riverway Dr., Ste. 250
Houston, TX 77227
jbarks@barks.law

*Counsel for Fire Protection Service, Inc.*

/s/ Peter A. McLauchlan
Peter A. McLauchlan
Attorney-in-Charge
Counsel for Survitec Survival Products, Inc.