IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRE PROTECTION SERVICE, INC. § § *Plaintiff*, § § v. § § SURVITEC SURVIVAL PRODUCTS, INC. § § *Defendant.* § § § | | CIVIL ACTION NO. H-19-2162 Hon. Judge Lee H. Rosenthal |

**PLAINTIFF FIRE PROTECTION SERVICE, INC.'S
BRIEF ON THE APPLICABILITY OF PARALLEL CASE**

COMES NOW, Plaintiff FIRE PROTECTION SERVICE, INC. ("FPS" or "Plaintiff"), and files this Brief regarding the applicability of the Fifth Circuit's decision in the Dealer Protection Act case involving related parties Survitec Survival Products, Inc., and FPS:

**STATUS OF THIS CASE FOLLOWING THE FIFTH CIRCUIT OPINION**

On August 21, 2025, the Fifth Circuit issued an opinion in *Fire Protection Service, Inc. v. Survitec Survival Products, Inc.*, Case No. 24-20405. The only issue addressed in the appeal was whether life rafts are "Equipment" pursuant to the Texas Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act ("Dealers Act"). The Fifth Circuit says that life rafts are "equipment."

The multiple violations of the Dealers Act, TEX. BUS. & COMM. CODE §§ 57.153-155, by Defendant SURVITEC SURVIVAL PRODUCTS, INC. ("SSPI" or "Defendant") are undisputed in this case: (1) Defendant provided insufficient timing of its termination notice; (2) there was no termination "for cause"; 3) FPS was given no opportunity to cure; and 4) Defendant failed to buy-back the equipment as required.

Defendant's only defense under the Dealers Act is that it is not obligated to pay for equipment until it is returned. TEX. BUS. & COMM. CODE § 57.353(d). However, this provision expressly **does not apply** if the supplier failed to give its dealer notice of the 90-day deadline at the time the notice of termination was sent. It is undisputed that Defendant failed to provide this notice.

### THE TRADEMARK CASE ADDS BAD FACTS FOR SSPI AND IS OTHERWISE IRRELEVANT

FPS's claim in the present case and those trademark claims raised in *Survitec Group Ltd, et al. v. Fire Protection Service Inc.*, 4:21-cv-0312 (the "Trademark Case") that was recently before this Court are wholly unrelated. Similarly, FPS's defenses in the Trademark Case and those defenses raised in the present case are unrelated. The sole evidentiary and testimonial value of the Trademark Case to FPS's Dealers Act claims is that it limits universe of facts for SSPI's Dealers Act case.

First, the facts in the earlier consolidated case which lead to dismissal of SSPI's trademark claims for lack of subject matter jurisdiction established that Defendant SSPI holds no trademarks. Although it inexplicably maintained its claims in the Trademark Case, the testimony at trial again demonstrated that SSPI has no rights to assert. In its Dealers Act case, SSPI has previously tried to exploit a provision of the Dealers Act arguing that certain trademarks on FPS's website constituted "signage." The Act indicates that a supplier **may** withhold payments otherwise due and owing during a period in which a dealer fails to comply with its **contractual obligations** to remove any signage indicating that the dealer is an authorized dealer. TEX. BUS. & COMM. CODE § 57.354(c). However, it was undisputed at trial in the Trademark Case that none of the Plaintiffs, including SSPI, ever had any contracts with FPS—much less an agreement that would expressly or impliedly obligate removal of any "signage."

Second, the testimony and evidence presented at trial in the Trademark Case established SSPI's intentional and systematic acts to avoid (1) a complete review of FPS's inventory; (2) remitting payment for that inventory; or (3) to accept any return of FPS's equipment. The individual charged with facilitating the repurchase of FPS's equipment, Tim Hazen, sent a Returned Merchandise Authorization ("RMA") document to FPS months after its creation and mere weeks before it expired, and proceeded to leave the country for vacation the following day. After indicating that they would buy-back the life rafts, the corporate representative of Survitec Group testified that they were simply too old and the company no longer wanted them.

Finally, SSPI had no rights to assert in the Trademark Case—it should have never been involved in that trial. In its capacity as FPS's distribution contact and the putative repurchaser of FPS's equipment, SSPI is the sole defendant in this case. The irrelevance of SSPI as a substantially involved party in both cases belies any good faith defense here and supports FPS's unclean hands defense in the Trademark Case.

### PROPOSED OUTCOME & PREFERRED APPROACH

FPS's Dealers Act claims were mediated twice over the last six years, with substantial continuing involvement from Judge Caroline Baker but no meaningful progress or even responses from SSPI. As the Plaintiffs in the Trademark Case noted in the Joint Pretrial Order, there was no legitimate settlement position going into trial—FPS believes that remains the case in the absence of the Court's ruling. Given that mediation has, in the past, been approached by Survitec and SSPI in bad faith, FPS does not believe that mediation would be valuable at this stage.

For its present Dealers Act claims, FPS suggests a very brief bench trial to resolve the single remaining issue of its damages. As noted above, some testimony in the Trademark Case

may be helpful to quickly dispose of the remaining defense of SSPI, and most testimony or evidence should be capable of being presented in summary or with reference to prior testimony.

The Dealers Act specifies that a supplier who refuses to repurchase any inventory covered by the Dealers Act after termination of the dealer agreement is liable to the dealer for 110 percent of the amount that would have been due for the inventory had the supplier timely complied with the requirements of the Dealers Act; and freight charges paid by the dealer; any accrued interest; and the actual costs of any court proceeding incurred by the dealer, including attorney's fees. TEX. BUS. & COM. CODE § 57.355

The Dealers Act specifies that if a supplier violates any provision of the Act, a dealer may bring an action against the supplier in a court of competent jurisdiction for damages sustained by the dealer as a consequence of the suppliers violation, including damages for lost profits, together with the actual costs of the action, including dealer's attorney's fees and paralegal fees and the costs of arbitrators. TEX. BUS. & COM. CODE § 57.401.

Since SSPI's liability under the Dealers Act is undisputed, FPS anticipates a limited trial on the issue of its damages following the Fifth Circuit's opinion related to the definition of "equipment" under the Dealers Act in a bench trial not to exceed two (2) days. FPS has previously proffered testimony and submitted evidence of its lost profits under the Act. However, FPS anticipates its supplementation will be abbreviated and only as necessary to establish its damages for (1) value of the repurchased equipment; (2) freight charges; (3) accrued interest; (4) the actual cost of the proceedings; and (5) reasonable and necessary attorney's fees.

Dated: September 2, 2025

Respectfully submitted,

By:    /s/ Scott Matney
Scott Matney
Attorney-in-charge
State Bar No. 24010747
SDTX No. 23671
PO Box 5218
Houston, TX 77262
smatney@fps-usa.com
Main: 713-924-9600
Direct: 713-924-9617
Fax: 713-924-9651

By:    /s/ Justen S. Barks
Justen S. Barks
State Bar No. 24087142
SDTX No. 2295553
**BARKS PLLC**
PO Box 22171
Houston, TX 77227
jbarks@barks.law
Tel.: 832-416-1642

**ATTORNEYS FOR
FIRE PROTECTION
SERVICE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025 a true and correct copy of the foregoing PLAINTIFF'S BRIEF ON THE APPLICABILITY OF PARALLEL CASE was served through the Court's CM/ECF system on all *pro se* parties and counsel of record.

   /s/ Justen S. Barks
Justen S. Barks